## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **R.L.**

**No. 25-38** (Wayne County CC-50-2022-JA-107)

## MEMORANDUM DECISION

Petitioner Father T.L.[1] appeals the Circuit Court of Wayne County's December 17, 2024, order terminating his parental rights to R.L., arguing that the circuit court erred by denying his motion for a post-adjudicatory improvement period and terminating his parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2022, the DHS filed a petition alleging that the father abused and neglected the child by virtue of his parental rights to another child being terminated. At adjudication, the petitioner stipulated only that his parental rights to another child had been previously terminated[3] without setting forth the basis for that termination, was granted a post-adjudicatory improvement period (which he did not successfully complete), and his parental rights to R.L. were subsequently terminated. The petitioner appealed to this Court, and we vacated the court's adjudicatory and dispositional orders due to the court's failure to make sufficient findings at adjudication and remanded the matter back to the circuit court for a new adjudication. *See In re R.L.*, No. 23-223, 2024 WL 2946237 (W. Va. June 10, 2024) (memorandum decision).

Following remand, the DHS filed an amended petition in August 2024 again alleging that the petitioner's parental rights to another child were terminated due to his failures to establish paternity, provide child support, and have a relationship with the child. The DHS further alleged that while the petitioner's first appeal to this Court was pending, he was charged with various criminal offenses in Indiana, including domestic battery resulting in serious bodily injury, strangulation, and criminal confinement, the victim being the child's mother whose rights to R.L. were previously terminated due to her substance abuse. The amended petition states that petitioner

---

[1] The petitioner appears by counsel Raymond A. Nolan. The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General James Wegman. Counsel D. Scott Bellomy appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] According to the DHS's August 2024 amended petition, a prominent issue in the prior proceeding was the petitioner's dishonesty about his relationship with the mother.

entered into a plea agreement and was sentenced to home incarceration for three years during which time he could not leave Indiana. As such, the DHS alleged that the petitioner continued to exhibit the same behaviors that led to his prior termination because he failed to: (1) protect R.L.; (2) provide for R.L. mentally, emotionally, and financially; and (3) establish a significant bond with R.L. The DHS further alleged that the petitioner's recent domestic violence against the mother created an unsafe environment that was dangerous and inappropriate for a child.

In September 2024, the circuit court held an adjudicatory hearing where the petitioner stipulated to the existence of aggravated circumstances due to his prior termination, failure to protect the child, conviction for criminal domestic violence in Indiana, and failure to provide the child with financial support.[4] In the resulting adjudicatory order, the court found that the petitioner was on home incarceration in Indiana for three years and was unable to return to West Virginia to establish a relationship with the child. Further, the court found that the petitioner's parental rights to another child were previously terminated, constituting aggravated circumstances. Ultimately, the court adjudicated the petitioner for his failure to financially support the child and failure to protect the child from the mother.

On November 15, 2024, the petitioner submitted a written motion for an improvement period. On the same day, the court held a final dispositional hearing. First, a Child Protective Services worker testified that in the prior proceeding in which the petitioner's parental rights to another child were terminated, he was denied an improvement period due to his failure to establish paternity. The worker explained that the petitioner "still exhibits the same behaviors as he did in [the prior proceeding]" by failing to provide support to the child and lying about his relationship with the mother. The worker opined that the petitioner would not participate in an improvement period because he previously put forth no effort and stated that the circumstances of abuse and neglect that led to the petitioner's prior termination continued, unabated. The worker testified that remaining with the current placement was in the child's best interests, as the child had formed a bond with the placement and the placement was skilled at accommodating the child's special needs. On the record, the court noted the petitioner's recent guilty plea to felony domestic violence and opined that based upon the petitioner's lack of cooperation in his prior improvement period and in the matter generally, he was unlikely to participate in a further improvement period.

On December 17, 2024, the court entered a dispositional order wherein it first denied the petitioner's motion for an improvement period, noting that his inability to leave Indiana rendered him unable to participate in an improvement period. The court explained that the issues which formed the basis of the petitioner's prior termination continued in the instant matter, constituting an aggravated circumstance. Further, the court found that the petitioner failed to provide financial support to the child despite being employed. The court concluded that there was no reasonable likelihood that the petitioner could correct the conditions of neglect in the reasonably foreseeable future and, after considering the child's "exceptional needs," found that the child's welfare necessitated termination of the petitioner's rights, especially in light of the petitioner's very recent

---

[4] The petitioner failed to include a written stipulation and the adjudicatory transcript in the appendix record on appeal. However, the record nonetheless establishes that the petitioner stipulated to his adjudication on the amended petition after remand.

domestic violence against the child's mother. Accordingly, the court terminated the petitioner's parental rights. The petitioner appeals from the dispositional order.[5]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the court erred by denying his motion for a second improvement period.[6] In order to receive an additional improvement period, the respondent must, among other things, "demonstrate[] that since the initial improvement period, the respondent has experienced a substantial change in circumstances" and "due to that change in circumstances, the respondent is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). The petitioner does not argue that he experienced a substantial change in circumstances and merely asserts that he was likely to complete a further improvement period because he testified so. However, the court relied heavily on the petitioner's conviction for domestic violence against the child's mother while his appeal was pending, noting that he was barred from leaving Indiana as a result. Far from establishing a substantial change in circumstances warranting an improvement period, this evidence demonstrates that the petitioner's circumstances deteriorated substantially since his prior improvement period. Moreover, the court noted the petitioner's lack of cooperation in the case and in his prior improvement period. Accordingly, the petitioner was not entitled to a further improvement period, and the court did not err in denying his motion for the same. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (noting that circuit courts have discretion to deny an improvement period when no improvement is likely).

To the extent that the petitioner argues that termination of his parental rights was error because he would have participated in a further improvement period, we disagree. As discussed above, the court's finding that the petitioner was unlikely to fully participate in a further improvement period is well-supported by the record. Moreover, the court found that there was no reasonable likelihood that the petitioner would correct the conditions of neglect in the near future and that termination was necessary for the child's welfare—findings that the petitioner does not challenge on appeal. Courts are permitted to terminate parental rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 17, 2024, order is hereby affirmed.

---

[5] The mother's parental rights were previously terminated. The permanency plan for the child is adoption in the current placement.

[6] In the proceedings below, the petitioner styled his November 15, 2024, motion as one for a post-adjudicatory improvement period. However, the record is clear that the petitioner was granted a post-adjudicatory improvement period earlier in the matter. As such, we will treat the petitioner's request as one for a post-dispositional improvement period by applying the requirements for obtaining the same set forth in West Virginia Code § 49-4-610(3).

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

4